UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACADIA INS. CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 08-11682-JLT |
| | * | |
| PEERLESS INS. CO., | * | |
| | * | |
| Defendant. | * | |

ORDER

April 22, 2010

TAURO, J.

Plaintiff Acadia Insurance Company ("Acadia") brought this action, seeking to recover damages arising from an alleged breach of the duty to defend or indemnify its insured, Blackdog Builders, Inc. ("Blackdog"), by Defendant Peerless Insurance Company ("Peerless"). The alleged breach stemmed from a lawsuit against Blackdog by Colleen O'Neal for faulty work in the rehabilitation of her historic home (the "O'Neal Action").

Both parties sought partial summary judgment on the claim that Peerless breached its duty to defend Blackdog. In a Memorandum, dated January 21, 2010, this court allowed Defendant's Motion for Partial Summary Judgment and denied Plaintiff's Cross-Motion for Partial Summary Judgment. Presently at issue is Plaintiff's Motion for Reconsideration of the Denial of its Motion for Partial Summary Judgment on the Claim that Peerless Breached its Duty to Defend Blackdog [#46].

Because Acadia has failed to demonstrate "either that newly discovered evidence (not

previously available) has come to light or that the rendering court committed a manifest error of law"[1] which would alter this court's holding as to the Cross-Motions for Partial Summary Judgment,[2] Plaintiff's Motion for Reconsideration [#46] is DENIED.[3]

---

[1] Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

[2] Acadia is correct in its assertion that, despite the fact that Blackdog failed to provide notice of the O'Neal claim as soon as practicable, Peerless would not be permitted to deny its duty to defend on that basis unless it demonstrated that its rights had been prejudiced by such delay. See Dover Mills Pshp. v. Commercial Union Ins. Cos., 144 N.H. 336, 339 (1999). Because Peerless has made no showing of prejudice, this court's finding on the issue of notice is in error. Acadia, however, has failed to demonstrate that this court committed error with regard to the primary basis for its holding, i.e. that Peerless did not have a duty to defend the O'Neal Action because the damages alleged in the O'Neal Complaint, or presented by facts readily knowable to Peerless at the time of the O'Neal Complaint, were excluded from coverage. Accordingly, this court's error as to the alternative basis for its decision, the issue of notice, does not affect the holding in Defendant's favor on the Cross-Motions.

[3] This court also takes note of Acadia's argument that the claims it asserted in its own right as a matter of equitable subrogation should have been permitted to proceed based on the notice of the O'Neal Action that Acadia provided to Peerless, despite any failure by Blackdog to notify Peerless of the claim. This argument finds its roots, not in a right to equitable subrogation as Acadia asserts, but in a right to equitable contribution, which is not based on any right of subrogation to the rights of the insured and which New Hampshire law has not recognized in an insurance context.

Relying on a decision of a California state court, OneBeacon America Ins. Co., 175 Cal. App. 4th 183 (2009), Acadia contends that "an insured's lack of tender or compliance with a policy provision is not fatal to a coinsurer's right of equitable contribution; rather, adequate notice of the potential for contribution and the opportunity for investigation and participation in the defense in the underlying litigation will suffice." To that end, however, Acadia's reliance on Allstate Ins. Co. v. Reserve Ins. Co., 116 N.H. 806 (1977), is misplaced. In Allstate, the New Hampshire Supreme Court found that an insurance company providing excess coverage to its insured has a cause of action based on equitable subrogation against the insured's primary carrier. Id. at 807. This right to equitable subrogation arises from the fact that the vast majority of insurance contracts contain a standard subrogation clause, which constitutes an assignment of the insured's rights against a co-insurer. Id. at 808-810. In fact, the court specifically stated that it "perceive[d] no relationship between the two insurers which would impose directly upon [one] a duty to exercise due care in regard to the [other]."

The New Hampshire Supreme Court's reasoning in Allstate belies Acadia's argument that, under New Hampshire law, its claims for equitable subrogation are entirely distinct from claims asserted as an assignee of the insured and that, therefore, different notice requirements must apply to the two types of claims. Indeed, subrogation is a legal mechanism by which one party steps into the shoes of another party, so as to benefit from the latter party's rights against a third party. If

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

Acadia has stepped into Blackdog's shoes, whether equitably or by express assignment, it can have no more rights against Peerless than Blackdog would have had.